# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERRY CARIDAD, | Civil Action No. 20-1916 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM & ORDER |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

This matter has been opened to the Court by pro se Plaintiff Gerry Caridad's filing of a Complaint, asserting civil rights claims pursuant to 42 U.S.C § 1983 and an application to proceed *in forma pauperis* ("IFP application"). At this time, the Court will grant Plaintiff's IFP application.

Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim that is frivolous or malicious, if that claim fails to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. 1915(e)(2)(B).

This Court has screened the Complaint in this action for dismissal and has determined that the Complaint states claims under 42 U.S.C. § 1983 for excessive force against Officer Eugene Vick, Officer Rondell Briggs, Officer Piszcz, Officer E. Munoz, and Officer C. Sanjuan in connection with the June 3, 2019 cell extraction while he was incarcerated at Northern State

Prison.[1] Accordingly, dismissal of the § 1983 claims against these Defendants is not warranted, and these claims shall proceed.[2]

The Court, however, will dismiss <u>with prejudice</u> the § 1983 claims against the New Jersey Department of Corrections ("NJDOC"), as this entity is not a "person" for purposes of § 1983. *See Pettaway v. SCI Albion*, 487 F. App'x. 766, 768 (3d Cir. 2012) (explaining that department of corrections and prison are not "persons" and thus cannot be sued under 42 U.S.C. § 1983) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

**IT IS,** therefore, on this 26th day of March, 2020,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1-1) is hereby **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of New Jersey State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915

---

[1] The Court does not construe Plaintiff to assert any claims under state law.

[2] Plaintiff lists "Northern State Prison Officers" in the caption of his Complaint followed by the list of individual corrections officers. The Court does not construe "Northern State Prison Officers" as a separate Defendant. To the extent the Court is mistaken, Plaintiff may clarify the Defendants he wishes to sue by submitting an amended complaint.

does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the § 1983 claims for excessive force shall **PROCEED** against Officer Eugene Vick, Officer Rondell Briggs, Officer Piszcz, Officer E. Munoz, and Officer C. Sanjuan; and it is further

**ORDERED** that the New Jersey Department of Corrections ("NJDOC") is dismissed **WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States;[3] and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[4] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

---

[3] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

THE HONORABLE MADELINE COX ARLEO
United States District Judge